NUMBER 13-00-402-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


JUSTIN ROBERT CODY , Appellant,


v.


THE STATE OF TEXAS , Appellee.

___________________________________________________________________


On appeal from the 291st District Court

of Dallas County, Texas.

__________________________________________________________________


MEMORANDUM OPINION

Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Rodriguez


Appellant, Justin Robert Cody, filed a motion to suppress evidence collected as the result of a police search of his room. 
After an evidentiary hearing, the trial judge denied his motion. Thereafter, pursuant to a plea bargain, the district court
found appellant guilty with deferred adjudication for three years on the charge of possession of a controlled substance
weighing less than one gram. Appellant brings a sole point of error urging the trial court erred in denying his motion to
suppress evidence. Because the appellant made a timely motion to the trial court and the court ruled on that motion, the
appellant's complaint has been preserved for review. See Tex. R. App. P. 33.1(a). We affirm.

As this is a memorandum opinion not designated for publication, and the parties are familiar with the facts, we will not
recite them here. See Tex. R. App. P. 47.1

In his sole issue on appeal, appellant argues that the trial court erred by denying his motion to suppress evidence. Appellant
asserts Jay Underwood, a resident of the house, did not have authority to grant Officer Mike Holly permission to search
his room, therefore no effective consent could be given.

A search may be considered reasonable if it appears that the person giving the consent has apparent authority to do so. 
Illinois v. Rodriguez, 497 U.S. 177, 188 (1990); Riordan v. State, 905 S.W.2d 765, 771 (Tex. App.--Austin 1995, no pet.). 
This apparent authority is based on the police officer acting in good faith upon the consent given and essentially making a
reasonable inference from the facts of the situation. McNairy v. State, 835 S.W.2d 101, 104 (Tex. Crim. App. 1991). The
Supreme Court further elaborated in Rodriguez that a warrantless search pursuant to a third party consent is valid if "the
facts available to the officer at the moment . . . [would] 'warrant a man of reasonable caution in the belief' that the
consenting party had authority over the premises." Id. (quoting Illinois v. Rodriguez, 497 U.S. 177, 188 (1990)).

We find that Officer Holly did in fact act as would a person of reasonable caution. A person might reasonably believe that
high school students, living in the same house, were not maintaining a landlord/tenant relationship. Instead, the officer
could have reasonably believed that a high school student was temporarily staying with a friend when his parents were out
of town. Officer Holly could have therefore made a good faith reasonable inference that appellant did not have exclusive
control over his room and that Underwood could validly give consent to a search. We conclude that Officer Holly acted in
good faith and made a reasonable inference based on the facts of the situation. See McNairy, 835 S.W.2d at 104. The trial
court did not abuse its discretion in denying the motion to suppress. Appellant's sole issue is overruled.

Accordingly, the trial court's denial of appellant's motion to suppress is affirmed.



NELDA V. RODRIGUEZ

Justice



Do not publish.

Tex. R. App. P. 47.3.



Memorandum Opinion delivered

and filed this 28th day of June, 2001.